UNITED STATES DISTRICT COURT
MIDDLE DISTRICT OF FLORIDA
FORT MYERS DIVISION

UNITED STATES OF AMERICA

vs.                                                2:03-cr-126-FtM-29DNF

DANIEL MICHEL

_____

**OPINION AND ORDER**

This matter comes before the Court on a letter (Doc. #216) filed on January 6, 2006, from defendant Daniel Michel.  The letter asserts that the attorney appointed to pursue his direct appeal has not contacted him or done anything with regard to the appeal.  By Order to Show Cause (Doc. #217) filed January 10, 2006, the Court directed attorney Richard Creel to appear and show cause why he had failed to take any steps in connection with the appeal.  Attorney Creel failed to appear at the January 23, 2006 show cause hearing.

**I.**

On November 12, 2003, defendant Daniel Michel (Michel or defendant), along with others, was indicted on a four-count Indictment (Doc. #35) for conspiracy to possess with intent to distribute, and knowingly using and carrying a firearm during and in relation to a drug trafficking crime.  On January 28, 2004, pursuant to a Plea Agreement (Doc. #90), petitioner pled guilty to Counts One and Four of the Indictment (Doc. #35).  The plea was accepted on January 29, 2004.  (See Doc. #102).  On April 26, 2004,

petitioner was sentenced to an 87 month term of imprisonment on Count One; a 60 month term of imprisonment on Count Four, to run consecutively; and to 5 years of supervised release. Judgment (Doc. #164) was entered on April 27, 2004. No direct appeal was filed.

Defendant filed a Motion to Vacate, Set Aside or, Correct Sentence Pursuant to 28 U.S.C. 2255 on May 3, 2005. (Case No. 2:05-cv-191, Doc. #1). The sole issue was whether petitioner's attorney was ineffective for failing to file a Notice of Appeal when sought by the petitioner. The Court had appointed Diane Muenze Gonzalez as counsel of record on November 3, 2003. Petitioner stated by Affidavit that he wrote attorney Gonzalez with a request that she file a Notice of Appeal, and that she did not respond to his May 4, 2004, letter. Petitioner wrote three letters, dated April 14, 2005, to: (1) attorney Gonzalez seeking the status of the appeal; (2) the Clerk of the United States District Court to obtain a copy of the Notice of Appeal; and (3) the Clerk of the Eleventh Circuit Court of Appeals to confirm the status of the appeal on their docket. Petitioner attached responses from the Clerks from the Middle District of Florida and the Eleventh Circuit Court of Appeals confirming that no such Notice of Appeal had been filed and no appeal was pending. No response from attorney Gonzalez was attached.

The government stated that, despite repeated efforts, attorney Gonzalez could not be reached to rebut the statements by

petitioner. The government further stated that it agreed that petitioner was entitled to an out-of-time appeal based on the record.

The Court found that the performance of attorney Gonzalez was deficient by failing to file the Notice of Appeal when directed to by her client. The Court granted Petitioner's Motion to Vacate, Set Aside or, Correct Sentence Pursuant to 28 U.S.C. 2255, followed the procedure outlined in United States v. Phillips, 225 F.3d 1198 (11th Cir. 2000), and resentenced petitioner to allow an out-of-time appeal. The Court appointed Richard Creel to represent Michel on direct appeal. The Amended Judgment (Doc. #212) was entered on August 1, 2005, and a Second Amended Judgment (Doc. #213) was entered on August 2, 2005.

**II.**

While the docket sheet reflects that Mr. Creel was sent a copy of the Opinion and Order containing his appointment, he took no steps with regard to the direct appeal. On December 2, 2005, the Magistrate Judge conducted a show cause hearing with counsel, who stated that he did not receive the original notice of appointment.[1] Mr. Creel was directed to contact his client Daniel Michel immediately, and was cautioned about future non-appearances in court. On January 6, 2006, the Court received a letter from Daniel Michel (Doc. #216) indicating that Mr. Creel had never contacted

---

[1] See Case No. 2:05-cv-191-FTM-29DNF docket entries.

him to process his appeal. Additionally, the record did not reflect that counsel had filed a Notice of Appeal. The Court then scheduled a show cause hearing for January 23, 2006, but Mr. Creel failed to appear.

### III.

At the show cause hearing, the government opined that Mr. Creel has provided ineffective assistance of counsel by failing to pursue the direct appeal after being appointed. The Court agrees, and finds that Mr. Creel's conduct and lack of conduct constituted deficient performance which caused prejudice to defendant. The ten day period for filing a notice of appeal, Fed. R. App. P. Rule 4(b)(1)(A) has expired, as has the extended period allowed under Fed. R. App. P. Rule 4(b)(4). The government also stated that defendant was entitled to the direct appeal, and that defendant had done nothing to forfeit his right to appeal. Again, the Court agrees. The government did not object to the Court's liberal construction of defendant's January 6, 2006 letter as a motion under 28 U.S.C. § 2255, or to re-sentencing under Phillips in order to provide defendant with his right to appeal.

Accordingly, it is hereby

**ORDERED AND ADJUDGED:**

1. Defendant's January 6, 2006 letter (Doc. #216) is construed as a Motion to Vacate, Set Aside or, Correct Sentence Pursuant to 28 U.S.C. 2255 and is **GRANTED.**

2.   The Clerk shall open a civil case for statistical purposes, file defendant's letter (Doc. #216) as a new § 2255, file a copy of this Opinion and Order along with a civil judgment granting the § 2255, and close the civil file.

3.   The August 2, 2005, Amended Judgment in a Criminal Case (Doc. #212) and the Second Amended Judgment in a Criminal Case (Doc. #213) in Case No. 2:03-cr-126-FTM-29DNF are **vacated.**

4.   Petitioner Daniel Michel is hereby **re-sentenced** to the same sentence as originally imposed in the Judgment in a Criminal Case (Case No. 2:03-cr-126-FTM-29DNF, Doc. #164), and the Clerk of the Court shall enter a new Third Amended Judgment in a Criminal Case imposing the same terms as originally imposed.

5.   Richard Creel, Esq. is relieved of any further responsibility in this case and shall be terminated as counsel of record.

6.   The Court finds that Petitioner Daniel Michel was found to be indigent for the criminal proceedings in Case No. 2:03-cr-126-FTM-29DNF.  As a result, finding no change in status, Petitioner Daniel Michel is entitled to "appeal without prepaying costs and without establishing the right to proceed in forma pauperis." Fed. R. App. P. 24-1(b); 28 U.S.C. § 1915.

7.   The Court further finds that Petitioner Daniel Michel is still entitled to an appointment of counsel for the belated direct appeal.  <u>See</u> 18 U.S.C. § 3006A(b).  After entry of the Third

Amended Judgment, the Clerk of the Court shall appoint an attorney from the Criminal Justice Act list who has no prior connection with this case to represent petitioner on the direct appeal in Case No. 2:03-cr-126-FTM-29DNF.  The Clerk of the Court shall provide counsel with a criminal appeal checklist and update the docket to reflect counsel of record.

8.  Since it is apparent that defendant desires to appeal, the Clerk of the Court is directed, pursuant to Fed. R. Crim. P. 32(j)(2), to prepare and file a Notice of Appeal on defendant's behalf.

**DONE AND ORDERED** at Fort Myers, Florida, this __24th__ day of January, 2006.

_____
JOHN E. STEELE
United States District Judge

Copies:
U.S. Magistrate Judge
AUSA
Daniel Michel
Richard Creel, Esq.
MAGCD
DCCD